UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**  JS-6

| Case No. | CV 12-10974-CAS(JCGx) | Date | March 13, 2013 |
|---|---|---|---|
| Title | BANK OF AMERICA, N.A. v. CHRISTIAN ORELLANA, ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| Catherine Jeang | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:  Attorneys Present for Defendants

Not present  Not present

**Proceedings:** (In Chambers:) ORDER REMANDING CASE TO THE LOS ANGELES COUNTY SUPERIOR COURT

## I. INTRODUCTION

On October 15, 2012, plaintiff Bank of America filed an unlawful detainer action in the Los Angeles County Superior Court against *pro se* defendants Christian Orellana, Chanthy Tach, and Does I through X, inclusive.

On December 27, 2012, defendants Christian Orellana and Chanthy Tach filed a notice of removal to this Court pursuant to 28 U.S.C. §§ 1441 and 1446. Defendants claim that plaintiff violated various federal laws in conjunction with a foreclosure on defendants' property, including the Truth in Lending Act, 15 U.S.C. § 1601 ("TILA") and the Real Estate Settlement Procedures Act, 12 U.S.C. § 2601 ("RESPA"). See Dkt. No. 1. Based upon these alleged violations of federal law, defendants assert that this Court has jurisdiction over the present action. See id.

On January 24, 2013, the Court issued an order to show cause why this case should not be remanded for lack of subject matter jurisdiction. Dkt. No. 4. To date, no response has been filed.

## II. ANALYSIS

As an initial matter, pursuant to 28 U.S.C. §1446(b), a notice of removal in a civil action must be filed within thirty days after the defendant receives a copy of the complaint or summons. Here, defendants were served with a copy of the complaint on

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**  JS-6

| Case No. | CV 12-10974-CAS(JCGx) | Date | March 13, 2013 |
|---|---|---|---|
| Title | BANK OF AMERICA, N.A. v. CHRISTIAN ORELLANA, ET AL. | | |

October 17, 2012, yet defendants did not remove until December 27, 2012.  Accordingly, the Court finds defendants' removal to be untimely.

In addition, the law is clear that "[u]nlawful detainer actions are strictly within the province of state court."  Federal Nat'l Mort. Assoc. v. Suarez, 2011 U.S. Dist. LEXIS 82300, *6 (E.D. Cal. Jul. 27, 2011); Deutsche Bank Nat'l Trust Co. v. Leonardo, 2011 U.S. Dist. LEXIS 83854, *2 (C.D. Cal. Aug. 1, 2011) ("[T]he complaint only asserts a claim for unlawful detainer, a cause of action that is purely a matter of state law.").  A defendant's attempt at creating federal subject matter jurisdiction by adding claims or defenses to a notice of removal must fail.  McAtee v. Capital One, F.S.B., 479 F.3d 1143, 1145 (9th Cir. 2007).  Here, the only claim asserted by plaintiff is for unlawful detainer against defendants.  See Dkt. No. 1.  Defendants cannot create federal subject matter jurisdiction by adding claims or asserting defenses under the U.S. Constitution or other federal laws.  See McAtee, 479 F.3d at 1145.  Accordingly, the Court lacks subject matter jurisdiction based on a federal question.

In accordance with the foregoing, this case is hereby REMANDED to the Los Angeles County Superior Court.

IT IS SO ORDERED.

|  | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | | CMJ | |